**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| MICHAEL KENT, SUSAN KENT ZOE KENT, MACKENZIE KENT, a minor, | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 1:15-cv-01661 |
| v. | ) ) | |
| 3M COMPANY AND ARIZANT HEALTHCARE, INC., | ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANT 3M COMPANY'S
ANSWER AND DEFENSES TO PLAINTIFFS' COMPLAINT**

COMES NOW 3M Company ("3M") by and through counsel of record, and files its Answer and Affirmative Defenses to Plaintiffs' Complaint ("Complaint") as follows:

**<u>ANSWER</u>**

3M responds to the allegations contained in the individually numbered Paragraphs of Plaintiffs' Complaint against it as follows:

**<u>PARTIES</u>[1]**

1.     3M is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 1, and therefore denies the same.

2.     3M is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 2, and therefore denies the same.

3.     3M is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 3, and therefore denies the same.

---

[1] Headings and subheadings throughout this Answer are taken directly from the Complaint and are included solely for ease of reference. They do not constitute admissions, and any portion of a heading or subheading that may be construed as a factual allegation is specifically denied.

4.      3M admits that it is a corporation organized under the laws of Delaware, with its principal place of business located in Maplewood, Minnesota. 3M admits that it manufactures and distributes a line of medical devices known as Bair Hugger™ Forced Air Warming units. Except as thus stated, 3M denies the remaining allegations of Paragraph 4.

5.      3M admits that it is a corporation organized under the laws of Delaware, with its principal place of business located in Maplewood, Minnesota. 3M admits that it manufactures and distributes a line of medical devices known as Bair Hugger™ Forced Air Warming units. Except as thus stated, 3M denies the remaining allegations of Paragraph 5.

6.      3M admits that it is a corporation organized under the laws of Delaware, with its principal place of business located in Maplewood, Minnesota. 3M admits that it manufactures and distributes a line of medical devices known as Bair Hugger™ Forced Air Warming units. Except as thus stated, 3M denies the remaining allegations of Paragraph 6.

7.      3M denies that Arizant Healthcare Inc. ("Arizant") is a corporation organized under the laws of Delaware. 3M states that Arizant was a corporation organized under the laws of Minnesota and doing business in the State of Minnesota, and was dissolved on December 12, 2014. 3M admits that Arizant has, at certain times in the past, manufactured and distributed a line of medical devices known as Bair Hugger™ Forced Air Warming units. Except as thus stated, 3M denies the remaining allegations of Paragraph 7.

**JURISDICTION AND VENUE**

8.      3M admits only the conclusion that this Court has jurisdiction over this action. Except as thus stated, 3M denies the remaining allegations in Paragraph 8.

## SUMMARY OF THE CASE

9.      3M admits that it manufactures and distributes a line of medical devices known as Bair Hugger™ Forced Air Warming units. 3M also admits that Arizant has, at certain times in the past, manufactured and distributed a line of medical devices known as Bair Hugger™ Forced Air Warming units. Except as thus stated, denied.

10.     3M denies the allegations contained in Paragraph 10.

11.     3M is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 11, and therefore denies the same.

12.     3M denies the allegations contained in Paragraph 12.

13.     3M is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 13, and therefore denies the same.

14.     3M denies the allegations contained in Paragraph 14.

15.     3M denies the allegations contained in Paragraph 15.

16.     3M denies the allegations contained in Paragraph 16.

17.     3M denies the allegations contained in Paragraph 17.

## FACTUAL BACKGROUND

18.     3M admits that the number of patients safely and effectively warmed by the Bair Hugger™ increases by more than 50,000 patients each day. Except as thus stated, 3M is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 18.

19.     3M admits that the Bair Hugger™ Forced Air Warming units include a warming unit which draws ambient air through a filter and warms air to a specified temperature, then delivers the warmed air through a hose to a Bair Hugger™ blanket placed over or under a patient. Except as thus stated, denied.

20.    3M denies the allegations contained in Paragraph 20.

21.    3M denies the allegations contained in Paragraph 21.

22.    3M denies the allegations contained in Paragraph 22.

23.    3M denies the allegations contained in Paragraph 23.

24.    3M denies the allegations contained in Paragraph 24.

25.    3M denies the allegations contained in Paragraph 25.

26.    3M denies the allegations contained in Paragraph 26.

27.    The allegations of Paragraph 27 appear to seek to characterize a writing. In response, 3M states that such writings speak for themselves, and denies that such writings have been completely or accurately characterized. 3M denies the remaining allegations in Paragraph 27.

28.    The allegations of Paragraph 28 appear to seek to characterize a writing. In response, 3M states that such writings speak for themselves, and denies that such writings have been completely or accurately characterized. 3M denies the remaining allegations in Paragraph 28.

29.    The allegations of Paragraph 29 appear to seek to characterize a writing. In response, 3M states that such writings speak for themselves, and denies that such writings have been completely or accurately characterized. 3M admits that www.fawfacts.com is a website containing general information regarding forced air warming which is maintained by 3M. 3M denies the remaining allegations in Paragraph 29.

30.    3M denies the allegations contained in Paragraph 30.

31.    The allegations of Paragraph 31 appear to seek to characterize a writing. In response, 3M states that such writings speak for themselves, and denies that such writings have

been completely or accurately characterized. 3M denies the remaining allegations in Paragraph 31.

    32.    3M denies the allegations contained in Paragraph 32.

    33.    The allegations of Paragraph 33 appear to seek to characterize a writing. In response, 3M states that such writings speak for themselves, and denies that such writings have been completely or accurately characterized. 3M admits that the article entitled "Operating Room: Normothermia reduces infection, length of stay" by Susan Cantrell, ELS in the July 2012 issue of Healthcare Purchasing News contains the statement by Ms. Greta R. Deutsch, public relations and communications specialist for Arizant: "Despite global recognition of forced-air warming's safety and effectiveness, and the wealth of research supporting its use in reducing the incidence of surgical infections by maintaining normothermia, some conductive-warming manufacturers have alleged that forced-air warming increases bacterial contamination of operating rooms or interrupts laminar airflow. These accusations have no factual basis." 3M denies the remaining allegations in Paragraph 33.

    34.    3M denies the allegations contained in Paragraph 34.

    35.    3M denies the allegations contained in Paragraph 35.

    36.    3M denies the allegations contained in Paragraph 36.

    37.    3M denies the allegations contained in Paragraph 37.

    38.    3M denies the allegations contained in Paragraph 38.

## FIRST CAUSE OF ACTION
## NEGLIGENCE

    39.    3M incorporates its answers and defenses to Paragraphs 1-38 by reference as if fully set forth herein.

40.     3M states that Paragraph 40 contains legal conclusions to which no response is required by 3M. To the extent Paragraph 40 alleges any fault, wrongdoing, liability, or breach of warranty on the part of 3M, or allegations contrary to law, such allegations are denied.

41.     3M denies the allegations contained in Paragraph 41.

42.     3M denies the allegations contained in Paragraph 42.

43.     3M denies the allegations contained in Paragraph 43.

### SECOND CAUSE OF ACTION
### DEFECT IN MANUFACTURING AND CONSTRUCTION
### OHIO REVISED CODE §2307.74

44.     3M incorporates its answers and defenses to Paragraphs 1-43 by reference as if fully set forth herein.

45.     3M states that Paragraph 45 contains legal conclusions to which no response is required by 3M. To the extent Paragraph 45 alleges any fault, wrongdoing, liability, or breach of warranty on the part of 3M, or allegations contrary to law, such allegations are denied.

46.     3M denies the allegations contained in Paragraph 46.

### THIRD CAUSE OF ACTION
### PRODUCT DEFECT IN DESIGN OR FORMULATION
### OHIO REVISED CODE §2307.75

47.     3M incorporates its answers and defenses to Paragraphs 1-46 by reference as if fully set forth herein.

48.     3M admits that it manufactures and distributes a line of medical devices known as Bair Hugger™ Forced Air Warming units. 3M also admits that Arizant Healthcare Inc. has, at certain times in the past, manufactured and distributed a line of medical devices known as Bair Hugger™ Forced Air Warming units. 3M is without sufficient information or knowledge to admit or deny the remaining allegations contained in Paragraph 48, and therefore denies the same.

49.     3M denies the allegations contained in Paragraph 49.

50.     3M denies the allegations contained in Paragraph 50.

51.     3M denies the allegations contained in Paragraph 51.

52.     3M denies the allegations contained in Paragraph 52.

53.     3M denies the allegations contained in Paragraph 53.

54.     3M denies the allegations contained in Paragraph 54.

55.     3M denies the allegations contained in Paragraph 55.

56.     3M denies the allegations contained in Paragraph 56.

57.     3M denies the allegations contained in Paragraph 57.

58.     3M denies the allegations contained in Paragraph 58.

59.     3M denies the allegations contained in Paragraph 59.

60.     3M denies the allegations contained in Paragraph 60.

**FOURTH CAUSE OF ACTION**
**PRODUCT DEFECT DUE TO INADEQUATE WARNING AND/OR INSTRUCTION**
**OHIO REVISED CODE §2307.76**

61.     3M incorporates its answers and defenses to Paragraphs 1-60 by reference as if fully set forth herein.

62.     Paragraph 62 contains legal conclusions with respect to duty to warn to which no answer is required. To the extent an answer is required, 3M denies the allegations in Paragraph 62 with respect to duty to warn. 3M denies the remaining allegations in Paragraph 62.

63.     3M denies the allegations contained in Paragraph 63.

64.     3M denies the allegations contained in Paragraph 64.

65.     3M denies the allegations contained in Paragraph 65.

66.     3M denies the allegations contained in Paragraph 66.

67.     3M denies the allegations contained in Paragraph 67.

68.    3M specifically denies that the Bair Hugger™ Forced Air Warming units are required to or should include a warning related to infection. 3M denies the remaining allegations of Paragraph 68, as stated.

69.    3M admits that all surgeries involve a risk of infection. 3M denies that the Bair Hugger™ Forced Air Warming unit causes infection, and denies the remaining allegations contained in Paragraph 69, as stated.

70.    3M denies the allegations contained in Paragraph 70.

71.    3M denies the allegations contained in Paragraph 71.

**FIFTH CAUSE OF ACTION**
**PRODUCT DEFECT IN FAILURE TO**
**CONFORM TO REPRESENTATIONS**
**OHIO REVISED CODE §2307.77**

72.    3M incorporates its answers and defenses to Paragraphs 1-71 by reference as if fully set forth herein.

73.    3M denies the allegations contained in Paragraph 73.

74.    3M denies the allegations contained in Paragraph 74.

75.    3M denies the allegations contained in Paragraph 75.

76.    3M is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 76, and therefore denies the same.

77.    3M denies the allegations contained in Paragraph 77.

78.    3M denies the allegations contained in Paragraph 78.

79.    3M denies the allegations contained in Paragraph 79.

80.    3M denies the allegations contained in Paragraph 80.

81.    3M denies the allegations contained in Paragraph 81.

### SIXTH CAUSE OF ACTION
### SUPPLIER LIABILITY
### OHIO REVISED CODE §2307.78

82.    3M incorporates its answers and defenses to Paragraphs 1-81 by reference as if fully set forth herein.

83.    3M admits that it manufactures and distributes a line of medical devices known as Bair Hugger™ Forced Air Warming units. 3M also admits that Arizant Healthcare Inc. has, at certain times in the past, manufactured and distributed a line of medical devices known as Bair Hugger™ Forced Air Warming units. 3M denies the remaining allegations in Paragraph 83.

84.    3M denies the allegations contained in Paragraph 84.

85.    3M denies the allegations contained in Paragraph 85.

86.    3M denies the allegations contained in Paragraph 86.

87.    3M denies the allegations contained in Paragraph 87.

### SEVENTH CAUSE OF ACTION
### TORTIOUS BREACH OF WARRANTY

88.    3M incorporates its answers and defenses to Paragraphs 1-87 by reference as if fully set forth herein.

89.    3M states that Paragraph 89 contains legal conclusions to which no response is required by 3M. To the extent Paragraph 89 alleges any fault, wrongdoing, liability, or breach of warranty on the part of 3M, or allegations contrary to law, such allegations are denied.

90.    3M admits that it manufactures and distributes a line of medical devices known as Bair Hugger™ Forced Air Warming units. 3M also admits that Arizant Healthcare Inc. has, at certain times in the past, manufactured and distributed a line of medical devices known as Bair Hugger™ Forced Air Warming units. Paragraph 90 also contains legal conclusions with respect to an implied warranty to which no answer is required. To the extent an answer is required, 3M

denies the allegations in Paragraph 90 with respect to the implied warranty. 3M denies the remaining allegations in Paragraph 90.

91.     3M denies the allegations contained in Paragraph 91.

92.     3M denies the allegations contained in Paragraph 92.

## EIGHTH CAUSE OF ACTION
## BREACH OF EXPRESS WARRANTY

93.     3M incorporates its answers and defenses to Paragraphs 1-92 by reference as if fully set forth herein.

94.     3M admits that the Bair Hugger™ Forced Air Warming unit is safe and fit for its intended purposes, is of merchantable quality, does not produce any dangerous side effects, and is adequately tested.  3M denies the remaining allegations contained in Paragraph 94, as stated.

95.     3M denies the allegations contained in Paragraph 95.

96.     3M denies the allegations contained in Paragraph 96.

97.     3M denies the allegations contained in Paragraph 97.

98.     3M is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 98, and therefore denies the same.

99.     3M denies the allegations contained in Paragraph 99.

100.    3M denies the allegations contained in Paragraph 100.

101.    3M denies the allegations contained in Paragraph 101.

## TENTH CAUSE OF ACTION[2]
## BREACH OF IMPLIED WARRANTY

102.    3M incorporates its answers and defenses to Paragraphs 1-101 by reference as if fully set forth herein.

---

[2] Plaintiffs' Complaint does not include a Ninth Cause of Action.

103.    3M admits that it manufactures and distributes a line of medical devices known as Bair Hugger™ Forced Air Warming units. 3M also admits that Arizant Healthcare Inc. has, at certain times in the past, manufactured and distributed a line of medical devices known as Bair Hugger™ Forced Air Warming units. 3M denies the remaining allegations in Paragraph 103.

104.    3M admits that it manufactures and distributes a line of medical devices known as Bair Hugger™ Forced Air Warming units. 3M also admits that Arizant Healthcare Inc. has, at certain times in the past, manufactured and distributed a line of medical devices known as Bair Hugger™ Forced Air Warming units. Paragraph 104 also contains legal conclusions with respect to an implied warranty to which no answer is required. To the extent an answer is required, 3M denies the allegations in Paragraph 104 with respect to the implied warranty. 3M denies the remaining allegations in Paragraph 104.

105.    3M admits that Bair Hugger™ Forced Air Warming unit may be used safely and effectively at the direction of a physician in an orthopedic surgical procedure.  3M denies the remaining allegations contained in Paragraph 105, as stated.

106.    3M is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 106, and therefore denies the same.

107.    3M denies the allegations contained in Paragraph 107.

108.    3M is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 108, and therefore denies the same.

109.    3M denies the allegations contained in Paragraph 109.

110.    3M denies the allegations contained in Paragraph 110.

111.    3M denies the allegations contained in Paragraph 111.

**ELEVENTH CAUSE OF ACTION**
**NEGLIGENT MISREPRESENTATION**

112.    3M incorporates its answers and defenses to Paragraphs 1-111 by reference as if fully set forth herein.

113.    3M denies the allegations contained in Paragraph 113.

114.    3M denies the allegations contained in Paragraph 114.

115.    3M is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 115, and therefore denies the same.

116.    3M denies the allegations contained in Paragraph 116.

117.    3M denies the allegations contained in Paragraph 117.

## TWELVTH CAUSE OF ACITON
## FRAUDULENT CONCEALMENT

118.    3M incorporates its answers and defenses to Paragraphs 1-117 by reference as if fully set forth herein.

119.    3M denies the allegations contained in Paragraph 119.

120.    3M denies the allegations contained in Paragraph 120.

121.    3M denies the allegations contained in Paragraph 121.

122.    3M denies the allegations contained in Paragraph 122.

123.    3M denies the allegations contained in Paragraph 123.

124.    3M denies the allegations contained in Paragraph 124.

125.    3M denies the allegations contained in Paragraph 125.

## THIRTEENTH CAUSE OF ACTION
## LOSS OF CONSORTIUM

126.    3M incorporates its answers and defenses to Paragraphs 1-125 by reference as if fully set forth herein.

127.    3M denies the allegations contained in Paragraph 127.

128.    3M denies the allegations contained in Paragraph 128.

129.    3M denies the allegations contained in Paragraph 129.

## PUNITIVE DAMAGES

130.    3M incorporates its answers and defenses to Paragraphs 1-129 by reference as if fully set forth herein.

131.    3M denies the allegations contained in Paragraph 131.

132.    3M denies the allegations contained in Paragraph 132.

133.    3M denies the allegations contained in Paragraph 133.

134.    3M denies the allegations contained in Paragraph 134.

135.    3M denies that it is liable to Plaintiffs in any manner whatsoever and denies Plaintiffs are entitled to any of the relief requested in Paragraph 135.

Answering the unnumbered Paragraph following Paragraph 135 of Plaintiffs' Complaint, 3M denies that it is liable to Plaintiffs in any manner whatsoever, and denies each of every allegation of this Paragraph, including each and every subpart thereto, separately and severally to the extent said allegations imply any wrongdoing by 3M.  3M further denies that Plaintiffs are entitled to any of the relief requested in the unnumbered Paragraph or any subpart thereto.

## AFFIRMATIVE DEFENSES

Without assuming any burden it would not otherwise bear, 3M asserts the following Affirmative Defenses:

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint and each claim contained therein fail to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

3M shows that at all times relevant to Plaintiffs' Complaint, it acted appropriately and

with the requisite care.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because Plaintiff Michael Kent ("Mr. Kent") may have failed to exercise ordinary care for his own safety, and may have proximately caused Plaintiffs' injuries and damages, if any.

## FOURTH AFFIRMATIVE DEFENSE

The Bair Hugger™ Forced Air Warming unit allegedly used on Mr. Kent as described in Plaintiffs' Complaint (the "subject medical device") was used on Mr. Kent by a physician or other "learned intermediary" who was aware of the uses, cautions, potential side effects, and potential adverse risks and events associated with the use of the subject medical device. Any duty to warn of the risks and hazards associated with the subject medical device was discharged by providing adequate warnings to Mr. Kent's physicians and other health care providers. Therefore, the claims set forth in Plaintiffs' Complaint are barred by the Learned Intermediary Doctrine under Ohio law. *See Vaccariello v. Smith & Nephew Richards, Inc*., 2002-Ohio-892, 94 Ohio St. 3d 380, 384, 763 N.E.2d 160, 164 (applying learned intermediary doctrine to medical devices).

## FIFTH AFFIRMATIVE DEFENSE

The matters complained of by Plaintiffs were not proximately caused by any act and/or omission on the part of 3M. 3M contends that any injuries or damage which Plaintiffs may have sustained were the result of events and/or conditions wholly beyond the scope and control of 3M and for which 3M is not responsible.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged damages, injuries, and/or losses, if any, may have been the result of

conduct of persons or entities other than 3M.

## SEVENTH AFFIRMATIVE DEFENSE

3M contends that Plaintiffs' injuries and/or damages, if any, resulted from, were produced and/or were caused, in whole or in part, by anatomical anomalies, injuries and/or illnesses of Mr. Kent, over which 3M had no control or which constitute what is known in law as an "act of God."

## EIGHTH AFFIRMATIVE DEFENSE

In the event Plaintiffs sustained any damages as alleged in Plaintiffs' Complaint, which 3M denies, discovery or investigation may reveal Plaintiffs' damages were the direct result of Mr. Kent's pre-existing medical conditions, sub-medical conditions, unforeseeable and uncontrollable idiosyncratic reactions and/or occurred by operation of nature or as a result of circumstances over which 3M had and continues to have no control, and for which 3M is not responsible.

## NINTH AFFIRMATIVE DEFENSE

In the event Plaintiff sustained damages as alleged in Plaintiffs' Complaint, which 3M denies, discovery or investigation may reveal that Plaintiff's claims are barred, in whole or in part, by the misuse, abuse, modification, alteration or other change in the subject medical device after 3M relinquished possession and control over the subject medical device.

## TENTH AFFIRMATIVE DEFENSE

In the event that Plaintiffs sustained damages as alleged in Plaintiffs' Complaint, which 3M denies, such alleged damages were the result of intervening or superseding events, factors, occurrences, or conditions, which were in no way caused by 3M and for which 3M is not liable.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because there were no defects in the subject medical device when placed into the stream of commerce.

## TWELFTH AFFIRMATIVE DEFENSE

The claims asserted in Plaintiffs' Complaint are barred because the risks associated with the use of the subject medical device, if any, are outweighed by the utility and benefits such product provided.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' cause of action is barred because the subject medical device was not unreasonably dangerous or defective, was suitable for the purpose for which intended, and was distributed with adequate and sufficient warnings.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because 3M acted reasonably and in good faith at all material times, based on all relevant facts and circumstances known by 3M at the time it allegedly acted or failed to act.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because the methods, standards, or techniques of designing, manufacturing, labeling, and marketing the subject medical device complied with and were in conformity with the generally recognized state-of-the-art, as well as all industry and FDA standards and regulations applicable to the subject medical device at the time it was designed, labeled, and marketed.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are preempted by federal law and regulations.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because the subject medical device is an "ethical medical device" as defined by Ohio Revised Code §2307.71(A)(5) and 3M provided adequate warnings and instructions concerning all unavoidably unsafe aspects of the subject medical device.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Any injuries or damages which Plaintiffs may have sustained were the result of Mr. Kent's willing and knowing assumption of the risks associated with implantation of the subject medical device. Plaintiffs' claims are therefore barred by the principles of assumption of the risk and informed consent.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted against 3M for product liability under the Ohio Product Liability Act (OPLA), Ohio Revised Code Ann. §2307.71 to §2307.80, or any other applicable law.

## TWENTIETH AFFIRMATIVE DEFENSE

3M asserts all available defenses under the Ohio Product Liability Act (OPLA), Ohio Revised Code. Ann. §2307.71 or §2307.80, or any other applicable law.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

If Plaintiffs suffered any injury or incurred any damage, which 3M denies, the same was caused, in whole or in part, by (1) exposure to products which were not manufactured and/or distributed by 3M; (2) by the acts or omissions of persons other than 3M and over which 3M had no control; or (3) by superseding or intervening causes of which 3M had no control. 3M's liability, if any, to Plaintiffs for any damages, including non-economic damages, should be diminished, reduced, and/or offset on the basis of the fault and responsibility of such other

persons and/or entities.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs did not reasonably rely on any labeling, warnings, or representations made by 3M.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

In the event that Plaintiffs have sustained damages as alleged in the Complaint, which is denied, discovery or investigation may reveal that Plaintiffs' damages were the direct result of Plaintiffs' unforeseeable pre-existing medical conditions or other medical condition, and/or occurred by operation of nature or as a result of circumstances over which 3M had, and continues to have, no control and for which 3M cannot be held responsible.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' warranty-based claims are barred in whole or in part on the grounds that 3M did not make or breach any warranties applicable to Plaintiffs.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' warranty-based claims are barred in whole or in part by Plaintiffs' lack of reliance upon any such warranties.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' warranty-based claims are barred in whole or in part by lack of privity between Plaintiffs and 3M.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

3M did not have any opportunity to cure any alleged "defect" in the subject medical device, if any such "defect" existed, which is specifically denied; thus, Plaintiff is precluded from recovering from 3M for breach of warranty.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' warranty claims are barred due to (1) Plaintiffs' failure to give timely notice as to any alleged breach of warranty; (2) Plaintiffs' failure to satisfy all conditions precedent or subsequent to the enforcement of any such alleged warranty; and/or (3) the fact that any such alleged warranty was appropriately disclaimed, excluded or modified. 3M further specifically pleads as to any breach of warranty claim all affirmative defenses under the Uniform Commercial Code.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs' fraud-based claims are barred in whole or in part by Plaintiffs' lack of reliance upon any such Defendants' purported misrepresentations or omissions.

## THIRTIETH AFFIRMATIVE DEFENSE

Plaintiffs' fraud-based claims are barred in whole or in part because Defendants did not owe Plaintiffs a duty to speak and committed no act of concealment.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' fraud-based claims are barred in whole or in part because they lack the requisite particularity required to state a claim sounding in fraud.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by applicable state common law and state statutory law regarding products liability as may be applicable based on the evidence presented in this case.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

With respect to Plaintiffs' demand for punitive or exemplary damages, 3M incorporates by reference any and all standards or limitations regarding the determination and enforceability

of punitive or exemplary damages under Ohio law or other applicable law.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for punitive or exemplary damages against 3M cannot be sustained under Ohio law because in all respects pertinent to this action, 3M complied with applicable industry standards and did not engage in a deliberate course of conduct which knowingly endangered those using the subject medical device.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for punitive and exemplary damages are barred because no action or omission of 3M was intentional, reckless, willful misconduct, wanton, reckless and/or with malice, oppression, and/or aggravated or egregious fraud or with conscious or flagrant disregard and indifference to the rights, safety and welfare of Plaintiffs, or evidencing that entire want of care which would raise the presumption of conscious indifference to the consequences.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

An award of punitive damages against 3M in this case would violate, and is therefore barred by, the United States Constitution, including the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments and the Ohio state constitution on grounds including, but not limited to, the following:

(a) It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff satisfying a burden of proof that is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b) The procedures pursuant to which punitive damages are awarded fail to provide reasonable guidance and standards necessary to instruct the trier of fact on the propriety of

awarding punitive damages, which thereby violate 3M's due process rights;

(c) The power and authority imposed upon the Court under any applicable state's law as to the amount of a punitive damage award is so relatively unfettered that there is no reasonable or logical standard, uniformity, criteria or guidance in the assessment of the amount of the award of punitive damages, which thereby violates 3M's due process rights;

(d) An award of punitive damages under any applicable state's law that allows for the consideration of or emphasis upon 3M's corporate status and wealth, which thereby violates 3M's equal protection rights;

(e) The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' recovery of non-economic damages is limited by Ohio Revised Code §§2315.18 and 2315.19 or other applicable law.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted as to costs, attorneys' fees, expenses, pre-judgment interest, post-judgment interest or treble damages.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

At the time the subject medical device left the control of 3M, a practical and technically feasible alternative design was not available that would have prevented the harm for which Plaintiffs seek to recover without substantially impairing the usefulness of the subject medical device.

## FORTIETH AFFIRMATIVE DEFENSE

Some or all of the claims alleged by Plaintiffs may be barred by the doctrines of estoppel and/or waiver.

## FORTY-FIRST AFFIRMATIVE DEFENSE

Some or all of the claims alleged by Plaintiffs may be barred by the applicable statutes of limitations and/or statutes of repose.

## FORTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs failed to mitigate their damages, if any, and failed to exercise reasonable care to avoid the consequences of harms, if any, in that, among other things, Mr. Kent failed to use reasonable diligence in caring for any injury, failed to use reasonable means to prevent aggravation of any injury, and failed to take reasonable precautions to reduce any injury and damage.

## FORTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, reduced, and/or limited pursuant to applicable Ohio statutory and common law regarding limitations of awards, caps on recovery, and setoffs.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

Any verdict or judgment that might be recovered by Plaintiffs must be reduced by the those amounts that have already indemnified Plaintiffs, or will in the future with reasonable certainty indemnify Plaintiffs, in whole or in part, for any past or future claimed economic loss from any collateral source including but not limited to insurance, social security, workers' compensation, or employee benefit program.

22

## FORTY-FIFTH AFFIRMATIVE DEFENSE

The First Amendment of the United States Constitution and similar provisions in applicable state constitutions protect the promotion of products sold or manufactured by 3M and its subsidiaries or affiliates.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

3M hereby gives notice that it intends to rely upon any other defenses that may become available or apparent during the discovery proceedings in this matter and hereby reserves the right to amend its Answer to assert any such defense.

WHEREFORE, having fully answered and defended, 3M demands a trial by jury of twelve and prays for judgment as follows:

1.      That Plaintiffs take nothing by their Complaint;

2.      That judgment be entered for 3M and against Plaintiffs on each and every claim set forth in Plaintiffs' Complaint;

3.      That 3M recover its costs of suit; and

4.      For such other and further relief as the Court deems just and proper.

Dated: September 23, 2015

Respectfully submitted,

/s/ Marcella C. Ducca
Lori G. Cohen (Georgia* 174455)
　　　cohenl@gtlaw.com
Marcella C. Ducca (Ohio 0084104)
　　　duccam@gtlaw.com
GREENBERG TRAURIG, LLP
333 Piedmont Road, NE Suite 2500
Atlanta, GA 30305
Telephone:  (678) 553-7375
Facsimile:  (678) 553-7376
*(*Motion for pro hac vice forthcoming)*

Attorney for Defendants 3M Company
and Arizant Healthcare, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on September 23, 2015, a copy of the foregoing was electronically filed with the Clerk of the United States District Court for the Northern District of Ohio, using the CM/ECF system, and that the foregoing was served by operation of the Court's CM/ECF system upon all counsel of record.

/s/ Marcella C. Ducca
Attorney for Defendants 3M Company
and Arizant Healthcare, Inc.