UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
:
MICHAEL KENT, SUSAN KENT, ZOE      :
KENT, M.K., a minor                :
                                   :
        Plaintiffs,                :        CASE NO. 1:15-CV-01661
                                   :
    v.                             :
                                   :        OPINION & ORDER
3M COMPANY AND ARIZANT             :
HEALTHCARE, INC.,                  :        [Resolving Doc. 18]
                                   :
        Defendants.                :
                                   :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On August 18, 2015, Plaintiffs Michael Kent, Zoe Kent, Susan Kent, and M.K., a minor, filed a complaint against Defendants 3M Company and Arizant Healthcare, Inc.[1] On September 23, 2015, Defendants 3M Company and Arizant Healthcare filed separate answers.[2] On October 13, 2015, Plaintiffs filed a motion to stay all proceedings pending the joint panel on multi-district litigation's decision on Plaintiffs' motion for transfer of actions to the District of Minnesota.[3]

This Court granted the motion by marginal entry order on October 22, 2015.[4] The Court noted that counsel shall promptly advise the Court upon a ruling of the MDL motion.

On October 27, 2015, Defendants filed a response to Plaintiffs' motion to stay all

---

[1] Doc. 1.
[2] Doc. 11; Doc. 12.
[3] Doc. 16.
[4] Doc. 17.

Case No. 1:15 CV 01661
Gwin, J.

proceedings. Defendants suggest there is no need to delay the proceeding filed in this Court. The Court interprets this motion as a request for reconsideration of the marginal entry order dated October 22, 2015.

This Court stands by its October 22, 2015 marginal entry order and **GRANTS** Plaintiffs' motion to stay all proceedings.

It is in no way clear that the motion to dismiss will succeed. In their motion to dismiss, Defendants argue, among other things, that Plaintiffs' claims are time-barred. Under Ohio law, a cause of action for personal injury accrues upon the date "on which the plaintiff is informed by competent medical authority that he has been injured, or upon the date on which, by the exercise of reasonable diligence, he should have become aware that he had been injured, whichever date occurs first."[5]

That standard has been further clarified: "If a person has knowledge of such facts as would lead a fair and prudent man, using ordinary care and thoughtfulness, to make further inquiry, and he fails to do so, he is chargeable with knowledge which by ordinary diligence he would have acquired."[6] This is a fact intensive inquiry, and it is not clear that Defendants will succeed on their motion to dismiss. This Court reiterates its marginal entry order dated October 22, 2015 and grants the motion to stay.

---

[5] *O'Stricker v. Jim Walter Corp.*, 4 Ohio St. 3d 84 (1983).
[6] *Hambleton v. R.G. Barry Corp.*, 12 Ohio St. 3d 179, 182 (1984).

-3-

Case No. 1:15 CV 01661
Gwin, J.

For the foregoing reasons, the Court **GRANTS** Plaintiffs' motion to stay the proceedings.

IT IS SO ORDERED.

Dated: November 12, 2015.                           s/     *James S. Gwin*
                                                    JAMES S. GWIN
                                                    UNITED STATES DISTRICT JUDGE